## LON TALBERT V. THE STATE.

No. 9593.    Delivered December 9, 1925.

Rehearing denied January 27, 1926.

**1.—Possession of Equipment—Evidence—Held, Sufficient.**

Where, on a charge of possessing equipment for the manufacture of intoxicating liquor, the undisputed evidence shows that there was found in appellant's house a still, appurtenances, and mash in a condition to manufacture intoxicating liquor, the contents of the still being warm when discovered, and also a quantity of whiskey, no error appearing in the record the cause must be affirmed.

ON REHEARING.

**2.—Same—Possession of Equipment—Rule Stated.**

On rehearing appellant insists that before he could be convicted for the possession of equipment, the proof must show him in possession of

such equipment as was capable of manufacturing intoxicating liquor in its then condition. We cannot concur in this view. The evidence in this case amply supports the conclusion, and the charge of the court properly submitted the law of principals, and the motion for rehearing is overruled.

Appeal from the District Court of Kaufman County. Tried below before the Hon. Joel R. Bond, Judge.

Appeal from a conviction for possession of equipment for the manufacture of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Harris & Harris* of Austin, for appellant.

. *Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful possession of equipment for the manufacture of intoxicating liquor, punishment fixed at confinement in the penitentiary for one year.

The evidence shows without controversy that there were found in the appellant's house a still and appurtenances and mash in a condition to manufacture intoxicating liquor. There was also found some whiskey. At the time the contents of the still was warm and bore the appearance of having been in operation upon the arrival of the officers. When the officers appeared, appellant was at his barn. He fled but was finally overtaken. In his house the articles mentioned were found. Another negro by the name of Davis was present in the house and was handling the still.

The case was submitted to the jury upon the law of circumstantial evidence. There were other counts in the indictment. Various special charges were presented and refused; also exceptions to the court's charge. Appellant presented no testimony save of his good reputation.

The evidence is deemed sufficient to support the verdict. We have been favored with no brief. Our examination of the charge of the court, the exceptions thereto, and the special charges requested, leaves us of the opinion that the issues were adequately and properly submitted to the jury in the court's charge. A discussion of the requested charges and the exceptions in detail is not deemed necessary. Suffice it to say

that in none of them have we perceived any error of the court which would require a new trial or a reversal of the judgment. It is therefore affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant renews his complaint substantially as presented upon original hearing, and in response thereto we have again examined the special charges which were refused by the court and have been confirmed in our conclusion that the action of the learned trial judge was correct. The evidence showing that a still was in operation at the time appellant's place was raided by the officers, we are not able to appreciate appellant's complaint directed at the charge for its failure to submit to the jury the proposition that before he could be convicted for the possession of equipment the proof must show him in possession of such equipment as was capable of manufacturing intoxicating liquor in its then condition. The evidence in this case amply supported the conclusion, and the charge of the court properly submitted the issue of principals.

The motion for rehearing will be overruled.

*Overruled.*